# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **DUSTIN C. WILSON,** | ) | **Civil Action No. 7:14-cv-00075** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **LT. KINSER, *et al.*,** | ) | **By: Norman K. Moon** |
| **Defendants.** | ) | **United States District Judge** |

Dustin C. Wilson, who is incarcerated and proceeding *pro se*, filed an amended complaint pursuant to 42 U.S.C. § 1983 against correctional officers at the Wallens Ridge State Prison ("WRSP") about an alleged use of excessive force in violation of the Eighth Amendment. This matter is before me on Wilson's two motions for a preliminary injunction.[1] In his first motion (Docket No. 64), Wilson asks me to compel unspecified River North or ROSP non-defendant prison officials to find and deliver Wilson's personal property that was delayed or lost during his transfer. In his second motion (Docket No. 86), Wilson complains about non-defendant correctional staff at ROSP who refuse to affirmatively help him litigate this action or to move him into a protective custody unit instead of keeping him in segregation at ROSP. For the reasons stated herein, I will deny the motions for a preliminary injunction.

Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. *See Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). As a preliminary injunction temporarily affords an extraordinary remedy prior to trial, the party seeking the preliminary injunction must demonstrate by a "clear showing" that: (1) he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008). The movant

---

[1] Wilson had been transferred from WRSP, to River North Correctional Center ("River North"), and then to Red Onion State Prison ("ROSP") before he filed these motions.

must also establish a relationship between the injury claimed in the motion for preliminary injunctive relief and the conduct giving rise to a complaint. *Omega World Travel v. TWA*, 111 F.3d 14, 16 (4th Cir. 1997).

The defendants are not responsible for the delivery of Wilson's property between River North and ROSP or the conditions of his confinement at ROSP, and an interlocutory injunction is not appropriate because the harms complained of in the motions do not arise from the harm alleged in the amended complaint. *Id.* Furthermore, Wilson has already filed his responses to defendants' motions for summary judgment and, thus, does not demonstrate that he is likely to suffer "actual and imminent" irreparable harm in the absence of a preliminary injunction about his personal property. Efficient and effective penal administration furthers the public's interest, and involving a federal court in the day-to-day administration of a prison is a course the judiciary generally disapproves of taking. *See, e.g.*, 18 U.S.C. § 3626(a)(2) ("The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity. . . ."); *Bell v. Wolfish*, 441 U.S. 520, 540 n.23, 548 n.29 (1979) (explaining that maintaining security and order and operating institution in manageable fashion are "considerations . . . peculiarly within the province and professional expertise of corrections officials").

Accordingly, it is hereby **ORDERED** that Wilson's motions for a preliminary injunction are **DENIED**.

The Clerk shall send a copy of this Order to the parties.

**ENTER**: This ___8th___ day of July, 2015.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

2