IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **DUSTIN C. WILSON,** | ) | Civil Action No. 7:14cv00075 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **C/O J. BRYANT,** *et al.*, | ) | By: Norman K. Moon |
| Defendants. | ) | United States District Judge |

Dustin C. Wilson, a Virginia inmate proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983, naming as defendants: M. McBride, the former Institutional Investigator at the Wallens Ridge State Prison ("WRSP"), and WRSP correctional officers ("C/O") J. Kinser, J. Bryant, R. Boyd, and R. Light. The parties filed motions for summary judgment.[1] Defendants wholly deny Wilson's allegations that C/Os Kinser, Bryant, Boyd, and Light used excessive force by beating him while he was complacent and restrained and that McBride was deliberately indifferent to the risk of a beating. I conclude that McBride is entitled to summary judgment but that a dispute of material facts precludes summary judgment as to the excessive force claims against the other defendants.

### I.

Wilson alleges the following facts in the complaint. C/Os Kinser, Bryant, Boyd, and Light escorted Wilson out of the B building on December 17, 2012, while Wilson was restrained in handcuffs secured behind his back. These officers allegedly began taking turns punching Wilson in the face and body while in the vestibule between the B building pod and the yard despite Wilson having been calm and compliant. After an unspecified amount of time, the officers stopped punching Wilson and escorted him out of the vestibule, across the yard, and to a

---

[1] Wilson also filed a reply to defendants' answer, but I do not consider it because he was not ordered to do so. Fed. R. Civ. P. 12(a)(1)(C).

cell in the A building.  Unspecified staff refused to allow Wilson to "see medical," so Wilson used a prison hotline the next day to report the alleged incident.  On December 20, 2012, Investigator McBride and a nurse interviewed Wilson.  McBride explained to Wilson that WRSP's video recordings of the alleged incident would be sent to Internal Affairs.

Wilson claims that C/Os Kinser, Bryant, Boyd, and Light are liable for assault and battery under state law and excessive force under the Eighth Amendment for each officer's punches.  Wilson further claims that each officer is liable as a bystander to the other officers' punches, too.  Lastly, Wilson claims that McBride is liable under the Eight and Fourteenth Amendments for not having disciplined these officers before the alleged beating despite allegedly knowing of their propensities to attack inmates.

Defendants deny that anyone punched Wilson in the vestibule.  In support of their position, C/Os Bryant, Boyd, and Light all aver that no violence or punching occurred during the entire escort between the A and B buildings.[2]

## II.

A party is entitled to summary judgment if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a).  Material facts are those necessary to establish the elements of a party's cause of action.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant.  *Id.*  The moving party has the burden of showing – "that is, pointing out to the

---

[2] Defendants filed a video recording of the escort in support of their motion for summary judgment. However, the video recording does not include footage of the vestibule where the excessive force allegedly occurred.  Defendants also cite to affidavits from C/O Kinser and a nurse, but those affidavits are not in the record.

2

district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant satisfies this burden, then the non-movant must set forth facts that demonstrate the existence of a genuine issue of fact for trial. *See id.* at 323-24 (noting the nonmoving party is not required to submit evidence that would be admissible at trial in order to avoid summary judgment); *see also* Fed. R. Civ. P. 56(c)(1)(A). A party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); *see Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995) ("Mere unsupported speculation . . . is not enough to defeat a summary judgment motion."). However, summary judgment is not appropriate where the ultimate factual conclusions to be drawn are in dispute. *Overstreet v. Ky. Cent. Life Ins. Co.*, 950 F.2d 931, 937 (4th Cir. 1991). A court may not resolve disputed facts, weigh the evidence, or make determinations of credibility. *Russell v. Microdyne Corp.*, 65 F.3d 1229, 1239 (4th Cir. 1995); *Sosebee v. Murphy*, 797 F.2d 179, 182 (4th Cir. 1986). Instead, a court accepts as true the evidence of the non-moving party and resolves all internal conflicts and inferences in the non-moving party's favor. *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979).

    A. The claims against C/Os Kinser, Bryant, Boyd, and Light must be resolved by trial.

    The Eighth Amendment prohibits prison officials from inflicting unnecessary and wanton pain and suffering on prisoners.[3] *Whitley v. Albers*, 475 U.S. 312, 320 (1986). To resolve a claim that prison staff's excessive force violated the Eighth Amendment, a court must determine whether the force applied was "in a good faith effort to maintain or restore discipline or

---

[3] Wilson also cites the Fourteenth Amendment as a basis for the excessive force, but the law is clear that the Eighth Amendment, not the Fourteenth Amendment, governs claims of excessive force against a convict like Wilson.

3

maliciously and sadistically for the very purpose of causing harm." *Id.* at 320-21. Whether the force was necessary or intentionally aimed at inflicting unnecessary physical harm depends on factors such as the need for the application of force, the relationship between the need and the amount of force used, the extent of injury inflicted, the extent of the threat to the safety of staff and inmates reasonably perceived by responsible officials, and any efforts made to temper the severity of a forceful response. *Id.* at 321; *see, e.g., Wilkins v. Gaddy*, 559 U.S. 34, 37-39 (2010). A correctional officer is liable as a bystander to another officer's use of excessive force if the correctional officer: "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Randall v. Prince George's Cnty., Md.*, 302 F.3d 188, 204 (4th Cir. 2002); *see Willis v. Oakes*, 493 F. Supp. 2d 776, 784 (W.D. Va. 2007) (noting a plaintiff must prove a violation of a constitutional right as a prerequisite to establishing bystander liability).

Battery under Virginia law is a non-consensual touching of another, however slight. *Pugsley v. Privette*, 263 S.E.2d 69, 74 (Va. 1980). Assault under Virginia law "occurs when an assailant engages in an overt act intended to inflict bodily harm and has the present ability to inflict such harm or engages in an overt act intended to place the victim in fear or apprehension of bodily harm and creates such reasonable fear or apprehension in the victim." *Carter v. Commonwealth*, 606 S.E.2d 839, 841 (Va. 2005). The intent to harm may be ascertained by the circumstances of the offense, including the actor's words and conduct. *Commonwealth v. Vaughn*, 557 S.E.2d 220, 223 (Va. 2002).

4

A trial is necessary to resolve the excessive force, bystander liability, assault, and battery claims against C/Os Kinser, Bryant, Boyd, and Light.[4]  The documents filed in support of Wilson's motion for summary judgment support his claim that C/Os Kinser, Bryant, Boyd, and Light punched him in the vestibule without any penological justification and while he was complacent and handcuffed behind his back, but C/Os Bryant, Boyd, and Light aver that no one punched Wilson in the vestibule.  After considering the *Whitley* factors, a reasonable trier of fact could find in favor of either party: the beating was to inflict physical pain and suffering and lacked any penological justification, or the beating never occurred.  *See, e.g.*, *Wilkins*, 559 U.S. at 38 ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury.").

Accordingly, the parties' motions for summary judgment as to the claims against C/Os Kinser, Bryant, Boyd, and Light must be denied due to a dispute of material fact.  *See, e.g.*, *Buonocore v. Harris*, 65 F.3d 347, 359-60 (4th Cir. 1995) (recognizing summary judgment on qualified immunity grounds is improper as long as there remains any material factual dispute regarding a defendant's conduct).

B. McBride is entitled to summary judgment.

Wilson argues that McBride violated the Eighth and Fourteenth Amendments by failing "to take and report for disciplinary or other action to curb the known pattern of physical assault/abuse of inmates by [C/Os Kinser, Bryant, Boyd, and Light, which] constituted deliberate indifference to [Wilson]'s and other prisoners' safety."  However, Wilson fails to support this claim of deliberate indifference with evidence, and his reliance on labels and conclusions against McBride affords no relief.  *See, e.g.*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007);

---

[4] I note that defendants did not argue against the state law claims of battery or assault.
5

*Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Accordingly, McBride is entitled to summary judgment.

### III.

For the reasons stated, I will grant defendants' motion for summary judgment as to all claims against McBride and will deny defendants' and Wilson's motions for summary judgment as to the claims against C/Os Kinser, Bryant, Boyd, and Light. The remaining claims will be resolved by a bench trial, and this matter will be transferred to the Honorable James P. Jones, United States District Judge of this court.

**ENTER**: This 25th day of February, 2016.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE